Adolpho Rodriguez RUIZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–291–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 14, 1982.

Will Gray, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BISSETT, YOUNG and GONZA-LEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for burglary of a habitation with intent to commit theft. Defendant was convicted by a jury, and the trial court assessed punishment of 20 years in the Texas Department of Corrections. We affirm.

■ Appellant does not challenge the sufficiency of the evidence. He raises two points of error. In his first point of error, appellant contends that the trial court committed error in denying his request that the jury be instructed that the State must prove each element of the offense beyond a reasonable doubt. Appellant requested that the following charge be given to the jury.

"All persons are presumed to be innocent and no person may be convicted unless each element of the offense is proved beyond a reasonable doubt. The fact that a defendant has been arrested, confined, or indicted for, or otherwise charged with, an offense gives rise to no inference of guilt at his trial.

'Elements of an offense' means (a) the forbidden conduct; (b) the required culpability (if any); (c) the required result (if any); and (d) the negation of exceptions to the offense (if any).

'Conduct' means an act or omission and its accompanying mental state.

'Required Culpability' means the mental state required by law such as intent, knowledge, recklessness or criminal negligence.

Now bearing in mind the foregoing instructions and definitions, if you find the State has failed to prove each element of the offense beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.' "

This charge was refused, however, the following was included in the trial court's charge:

"A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence of guilt nor can it be considered by you in passing upon the question of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent and no person may be convicted of an offense *unless each element of the offense is proved beyond a reasonable doubt.* The fact that he has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. In case you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him. (Emphasis added)."

The charge given by the trial court was similar to the charge requested by appellant and sufficient to safeguard appellant's rights. Tex.Code Crim.Pro.Ann. Art. 38.03 (Vernon Supp.1980–81), Tex.Penal Code Ann. § 2.01 (Vernon Supp.1980–81), and *Adams v. State,* 588 S.W.2d 597 (Tex.Cr. App.1979); *DeRusse v. State,* 579 S.W.2d 224 (Tex.Cr.App.1979). Appellant's first ground of error is overruled.

■ The appellate record was approved by the court without objection. Thereafter, appellant filed his brief wherein he alleges as his second ground of error that the trial court erred in failing to submit a written charge to the jury on the law of circumstantial evidence. Four days after the filing of appellant's brief, the State filed a motion with the trial court for withdrawal

of the approval of the record on the basis that the record as approved by the court did not speak the truth. The record as approved by the court did not include the court's charge at all, but there was a notation in the record by the court reporter that the court's charge was read to the jury. Notice of the motion was given to appellant's counsel, and his motion was granted by the court. That is, the court's prior approval of the appellate record was withdrawn, and the clerk was ordered to complete the appellate record with a true and accurate copy of the court's charge to the jury in its entirety. This was done and there is no suggestion by appellant that the record before us was not timely filed or that it is not properly before us for review. The record before us does include a circumstantial evidence charge, and this is supported by numerous references in the record by the court, by the prosecutor, and by the defense attorney, to the circumstantial evidence charge as given by the court. Appellant's second ground of error is without merit and is, therefore, overruled.

The judgment of the trial court is AFFIRMED.