**Frank Andrew SKATELL, Appellant,**

v.

**The STATE of Texas, State.**

**Richard Charles SKATELL, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–83–408–CR, 2–83–409–CR.**

Court of Appeals of Texas,
Fort Worth.

April 10, 1985.

Frank S. Wright, Dallas, for appellants.

Jerry Cobb, Dist. Atty., Denton, for appellee.

Before FENDER, C.J., and BURDOCK, J.

### OPINION

FENDER, Chief Justice.

These are companion cases involving a father and son who were convicted of aggravated robbery. Frank Skatell (the father) was sentenced to 25 years confinement in the Texas Department of Corrections and Richard Skatell was sentenced to 8 years. Appellants raise the same six grounds of error, and therefore they shall be treated together.

We affirm.

On May 27, 1983, Frank and Richard went to the residence of Ted Hawk to have Hawk's wife, Louise, counsel Frank regarding some money matters. After they arrived Richard, brandishing a gun, ordered the Hawks to give them all their money and jewelry. After the robbery Frank and Richard fled the premises, and were subsequently apprehended in Pennsylvania in July, 1983.

In their first ground of error, appellants claim that the trial court erred by rejecting

appellants' request that the jury be charged that illegally obtained evidence is inadmissible at trial. *See* TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979)..

The record shows that a hearing was held outside the presence of the jury to determine the legality of Frank's arrest because appellants wished to suppress certain evidence seized as a result of such arrest. At this hearing Officer McKenna (the Pennsylvania State Police Officer who arrested Frank) testified that he arrested Frank because (1) he had learned that a capias had been issued for Frank's arrest from Denton County, Texas, and (2) he had received a copy of a capias from Harris County, Texas, (for an unrelated offense) which he had in his possession at the time he arrested Frank. Officer McKenna was then questioned by one of the counsel for appellants who asked him if the Harris County capias which he had in his possession was the exact one which was being offered into evidence. Officer McKenna replied that it was. Counsel then objected to the introduction of the capias because the copy which was being offered had not been attested to until two days after the arrest, which counsel contended rendered the capias invalid, and by extension, the arrest illegal. The trial court overruled this objection to the Harris County capias, and subsequently overruled appellants' motion to suppress. Officer McKenna then testified before the jury about the circumstances of the arrest. When the State attempted to introduce the evidence seized as a result of the arrest, appellants renewed their objections to the introduction of the evidence, arguing that it resulted from "an arrest without a valid warrant." The trial court overruled this objection and admitted the evidence.

Appellants argue on appeal that they were entitled to an art. 38.23 instruction because McKenna testified that he had in his possession at the time of Frank's arrest the actual copy of the capias which the State introduced into evidence. Appellants implicitly argue that this testimony indicates an inconsistency—McKenna could not

have had the *same* instrument because the actual capias introduced into evidence had not been attested to until *after* the arrest—and that therefore a fact issue for the jury to decide was raised.

■ Although we acknowledge that McKenna's testimony is inconsistent in regards to which particular document he actually had in his possession, we disagree that it raised a fact issue for the jury to decide. It is elementary that before a jury may be allowed to decide a particular fact issue, it must hear evidence relating to the question. In the case at bar though, appellants rely on Officer McKenna's testimony which was presented *outside* the presence of the jury. Thus, there was not even a possibility that a fact issue was raised for the jury to decide. *See Murphy v. State,* 640 S.W.2d 297, 299 (Tex.Crim.App.1982) (opinion on the State's petition for discretionary review). In the absence of any fact issue for the jury to decide, an art. 38.23 instruction should not be given. *Id.*

In the interest of justice we have examined Officer McKenna's testimony before the jury to see if any fact issue was raised regarding the admission of evidence introduced as the result of the arrest of Frank. We find none. Appellants did not produce any evidence controverting Officer McKenna's testimony. *See Rose v. State,* 470 S.W.2d 198, 200 (Tex.Crim.App.1971). Appellants' first ground of error is overruled.

■ In their second ground of error, appellants urge that the trial court erred in refusing to submit an instruction regarding impeachment evidence. Appellants contend that Ted Hawk was impeached by the testimony of his wife and a police officer because Ted Hawk had testified that certain pieces of jewelry had been taken in the robbery when in fact they were found not to have been taken. Although Ted Hawk might have been impeached by his wife and the police officer, the appellants were not entitled to a limiting instruction on the use of such impeachment testimony. A defendant may not ask for a limiting instruction on the use of impeachment evidence

against a State witness. *See Sanders v. State*, 642 S.W.2d 860, 863 (Tex.App.—Fort Worth, 1982, pet. denied). Furthermore, appellants failed to show how the impeachment testimony in question might have been detrimental to them, and thus, no need is shown for a limiting charge. Appellants' second ground of error is overruled.

Appellants claim in their third ground of error that the trial court erred in refusing to give the jury a requested charge about reasonable doubt. The appellants' requested jury charge reads as follows:

"In case you have a reasonable doubt as to the Defendants' guilt after considering all of the evidence before you and these instructions, you will acquit the Defendants."

The trial court refused the requested instruction, but did instruct the jury:

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof you will acquit the Defendants of aggravated robbery.... All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."

The trial court did not err in refusing the appellants' requested instruction. The charge given by the court was substantially similar to that requested by the appellants and adequately protected appellants' rights. *See Ruiz v. State*, 627 S.W.2d 507, 508 (Tex.App.—Corpus Christi 1982, no pet.); *Adams v. State*, 588 S.W.2d 597, 598 (Tex.Crim.App.1979); *DeRusse v. State*, 579 S.W.2d 224, 234 (Tex.Crim.App. 1979). Appellants' third ground of error is overruled.

In their fourth ground of error, appellants urge that the trial court should have instructed the jury that the jury could request, during deliberations, that parts of the record be read back to them. *See* TEX.CODE CRIM.PROC.ANN. art. 36.28 (Vernon 1981). We are aware of no authority requiring the giving of such an instruc-

tion. In any event, appellants were not harmed because the jury during deliberations requested portions of the testimony and this request was complied with by the court. Appellants' fourth ground of error is overruled.

In their fifth ground of error, appellants argue that the trial court erred in overruling their motion to suppress certain evidence seized as a result of the arrest of Frank. Appellants contend the arrest was illegal because as they view the facts, Officer McKenna was acting pursuant to an invalid warrant (apparently related to another offense and issued from Harris County), and without knowledge that a capias had been issued from Denton County for the offense in question. *See Madden v. State*, 644 S.W.2d 735, 738 (Tex.Crim.App. 1983) (opinion on State's petition for discretionary review).

We disagree with appellants' assessment of the facts. First, as discussed in regard to their first ground of error, we acknowledge that there might be some inconsistency or confusion reflected in Officer McKenna's statement that he had in his possession at the time of Frank's arrest a warrant which was not attested to until two days after the arrest. Notwithstanding this confusion, the record shows that a valid warrant had been issued from Harris County on June 6, 1983, and that Officer McKenna was aware of this warrant. That the particular copy of the warrant which was introduced into evidence had been executed after the arrest does not render the warrant itself invalid. Thus, based on Officer McKenna's testimony that he was acting pursuant to a warrant that had been issued from Harris County, his arrest of Frank was legal. *See Cook v. State*, 470 S.W.2d 898, 899 (Tex.Crim.App.1971). Second, appellants' contention that Officer McKenna had no knowledge that a capias had been issued from Denton is not supported by an examination of the record. The record shows that Officer McKenna had talked by telephone with the authori-

ties in Denton County who informed him that a capias had been issued for both Richard and Frank. Under these circumstances, Officer McKenna had probable cause to arrest Frank. *See* TEX.CODE CRIM.PROC.ANN. art. 15.26 (Vernon 1977). Appellants' fifth ground of error is overruled.

■ In their sixth ground of error, appellants contend that witnesses for the State improperly suggested that Richard, who was 19 at the time of trial, had a juvenile record. *See* TEX.FAM.CODE ANN. sec. 51.13(b). Appellants first complain that Officer Hochheim gave a nonresponsive answer to a question placed to him during cross examination. Officer Hochheim was asked if he knew that Richard had never been convicted of a felony. In response, Officer Hochheim said that "To the best of my knowledge, as an adult I don't think he has." Although Richard's counsel moved for a mistrial which was denied, counsel withdrew his request to have the court instruct the jury to disregard the testimony. Thus, any error in the answer was waived. *See Brooks v. State,* 642 S.W.2d 791, 798 (Tex.Crim.App. 1982); *Koller v. State,* 518 S.W.2d 373, 378 (Tex.Crim.App.1975).

■ Appellants also complain about the testimony of Officer Poole. During the punishment phase, Officer Poole stated that he had known Richard for eight years and that he knew his reputation to be bad. As in the first complained of incident, Richard's counsel failed to ask for a motion to disregard, and thus, any error was waived. *See Brooks, supra.* But even assuming the ground of error had been properly preserved, we find no error. Officer Poole did not testify that Richard had a juvenile record. He simply said that Richard had a bad reputation. Such an assessment is permissible. *See Allen v. State,* 533 S.W.2d 352, 355 (Tex.Crim.App.1976). Appellants' sixth ground of error is overruled.

The judgment below is affirmed.