NO. 07-04-0533-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 2, 2006



______________________________




PATRICK EARL CONELY, APPELLANT



v.



PROPERTY OFFICER DIETZ, ET AL., APPELLEES




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-526,673; HON. BLAIR CHERRY, PRESIDING



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)

 This pro se appeal arises from the dismissal by the trial court of a suit by appellant
Patrick Earl Conely seeking the recovery of damages from appellees Phillip Duffy, Stuart
Dietz, Franklin Schlegel, Cynthia Harrell, and Rebecca Sasser, employees of the Texas
Department of Criminal Justice. In the suit, appellant, a penal inmate, sought recovery for
the alleged conversion of certain personal items belonging to him and for damages arising
from the conversion of those items. We affirm the judgment of the trial court.

 This appeal presents three issues for our decision. Those issues are: 1) did the trial
court abuse its discretion in dismissing appellant's suit under Chapter 14 of the Texas Civil
Practice and Remedies Code; 2) did the trial court err in dismissing appellant's suit without
a hearing; and 3) did the trial court err in refusing to appoint counsel for appellant.

Statute
 

 Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and
Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-014 (Vernon 2002). With the exception of actions brought under the Family Code, Chapter
14 applies to suits brought by an inmate who has filed "an affidavit or unsworn declaration
of inability to pay costs." Id. §14.002. Section 14.004 requires that an inmate file with his
suit a separate affidavit or declaration identifying each prior suit brought by the inmate,
specifying the operative facts, the case name, the cause number, the court in which it was
brought, the names of the parties, and the result of the suit. 

Standard of Review


 The standard of review of a dismissal under Chapter 14 is controlled by an abuse
of discretion standard. That standard is determined by a decision whether the dismissing
court acted without reference to any guiding principles or, stated another way, was the
action of the court arbitrary or unreasonable. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.-Waco 1996, no writ). In making that decision, the fact that an appellate court might
have decided a matter within the trial court's discretion in a different manner does not
demonstrate that an abuse of discretion occurred. Id. at 399.





Discussion


 Logical continuity requires us initially to discuss whether the trial court reversibly
erred in failing to appoint an attorney to represent appellant in this matter. A district judge
may appoint counsel for an indigent party to a civil case in exceptional instances in which
the public interests at stake may be such that the administration of justice may be best
served by the appointment of counsel. See Travelers Indem. Co. v. Mayfield, 923 S.W. 2d
590, 594 (Tex. 1996); Tex. Gov't Code Ann. §24.016 (Vernon 2004). Indeed, our Supreme
Court, noting that such suits are so commonplace that the legislature enacted Chapter 14
to curb this particular area of litigation, opined that the mere fact that an inmate brings suit
against an employee of the prison in which the inmate is incarcerated does not constitute
an exceptional circumstance such as to warrant appointed counsel. See Gibson v. Tolbert,
102 S.W.3d 710, 713 (Tex. 2003). Likewise, this suit is neither of such exceptional
character as to require the appointment of counsel nor has appellant demonstrated that the
public and private interests at stake here are so exceptional as to warrant the appointment
of counsel. Thus, the trial court did not err in refusing to do so.

 The purpose of Chapter 14 is obvious. In adopting it, the legislature recognized the
problem of constant, often duplicative, inmate litigation in this state and sought to reduce
such litigation by requiring the inmate to notify the trial court of previous litigation and the
outcome of such litigation. In this way, the trial court could determine, based upon previous
filings, if the suit was frivolous because the inmate had previously filed a similar claim. See
Bell v. Texas Dep't of Crim. Justice-Institutional Div., 962 S.W.2d 156, 157-58 (Tex.
App.-Houston [14th Dist.] 1998, pet. denied). 

 In this case, appellant did attach an affidavit of previous filings. He admits there
were other filings not shown in the affidavit, albeit with the explanation that he was unable
to recall the other filings. In their motion to dismiss, appellees pointed out other filings in
Conely v. Preston in the 52nd District Court of Coryell County, Conely v. Cauthon in the
Federal District Court for the Eastern District of Texas, as well as Conely v. Johnson et al.
and Conely v. Tedford in the Federal District Court for the Western District of Texas. 
Moreover, in the suits that appellant does list, he fails to give the cause numbers and the
dates of the suits. Additionally, he fails to give sufficient operative facts of the suits. The
statute neither provides that an inability to remember excuses the required listing of
previous suits nor does it excuse the proper statement of the operative facts of each case. 
Because of appellant's failure to comply with the mandatory requirements of Chapter 14,
the trial court acted well within its discretion in dismissing the suit.

 Our determination that the trial court did not err in refusing to appoint trial counsel
and acted within its authority in dismissing the suit obviates the necessity for discussing
whether appellant failed to exhaust his administrative remedies before filing the suit.

 Accordingly, the judgment of the trial court must be, and is hereby, affirmed.

 


 John T. Boyd

 Senior Justice

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005). 



F TEXAS, APPELLEE
 
_________________________________
 
FROM THE 242ND DISTRICT COURT OF HALE COUNTY;
 
NO. A16884-0607; HONORABLE ED SELF, JUDGE
 
_______________________________
 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 
 
MEMORANDUM OPINION
 
 
           Appellant, Trinny Marroquin, was convicted by a jury of possession of cocaine,
enhanced, and sentenced to nine years confinement. He contends the trial court erred by
failing to give jury instructions, pursuant to article 38.23(a) of the Texas Code of Criminal
Procedure, regarding the following issues: (1) whether he was intoxicated and a danger to
himself and others at the time of his initial arrest; and (2) whether he was in a public place at
the time of his initial arrest. We affirm. 
Background
           At the trial of this cause, the State presented five witnesses. Officers Sophia Jaramillo,
Eric Wiley, and Paul Renfro testified to the circumstances surrounding Appellant’s arrest and
subsequent discovery of a suspicious substance. The remaining two witnesses testified as
to the chain-of-custody and chemical analysis of that substance. Appellant did not testify, nor
did he present any other witnesses.
            Officer Jaramillo of the City of Plainview Police Department testified that at
approximately 4:00 a.m., on March 26, 2006, she responded to a disturbance call. After
interviewing the complainant, she began patrolling the area in an attempt to locate the suspect
who had fled on foot. During that patrol, she entered an alley and observed a group of
persons, including Appellant, in the alley and a female urinating behind a residence. When
she approached the group, she determined that the individuals were intoxicated because she
detected an odor of alcohol on their breath, slurred speech, and glassy eyes. Upon
questioning, Jaramillo learned that none of the members of the group resided at the
residence.  
           Jaramillo observed that although the weather that morning was cool enough to require
a jacket, Appellant wore only a t-shirt. Jaramillo believed he was intoxicated and that he was
a danger to himself because he was not appropriately dressed for the weather. In her
estimation, he had access to an automobile, was in no condition to drive, and, if allowed to
leave, would have been a danger to himself or others. Jaramillo then transported Appellant
to the Hale County Jail on a charge of public intoxication.


 
           On cross-examination, Jaramillo testified that she could not recall having a face-to-face
conversation with Appellant, nor could she specifically remember whether his eyes were
bloodshot and glassy, or his speech slurred. Officer Wiley testified that he served as back-up
to Jaramillo. He testified that he observed Appellant in the alley, his speech was slurred, eyes
a little red, and his hair was messed up. He further testified Appellant lacked the normal use
of his physical faculties, leaned up against a house for balance, and lost his balance while
standing. He believed Appellant was intoxicated and, if not arrested, was a danger to himself
and others.
            Sergeant Renfro testified that at the jail Appellant repeatedly asked him whether he
could use the restroom. Prior to permitting him to use the restroom, Renfro patted him down
and found a white, powdery substance in a bag in Appellant’s back pocket. Subsequent
chemical analysis of that substance revealed it to contain cocaine. Referring to Appellant’s
booking photo, Renfro described him as leaning to one side, his eyes closed, his tongue
partially protruding from his mouth, and hair disheveled. 
           At the trial court’s jury charge conference, Appellant sought a jury instruction pursuant
to article 38.23 of the Texas Code of Criminal Procedure


 requesting a jury determination
whether Jaramillo had probable cause to arrest Appellant for public intoxication and whether
her warrantless arrest complied with article 14.03 of the Code of Criminal Procedure.


 In
support of the requested jury instruction, Appellant contended that the testimony of “the
officers [was] somewhat conflicted and vague and insufficient regarding the issue of the
legality or lawfulness of the arrest.” The trial court overruled Appellant’s requested instruction.
           Appellant contends he was entitled to an article 38.23 jury instruction to permit the jury
to decide whether the cocaine discovered during his booking on public intoxication was
lawfully obtained because the evidence at trial suggested that, at the time of his arrest, he
was neither intoxicated to the point at which he was a danger to himself or others, nor was he
in a public place. 
Discussion
           To trigger an exclusionary rule instruction under article 38.23(a) three conditions must
exist: (1) the evidence heard by the jury must raise a fact issue; (2) the evidence on that fact
issue must be affirmatively contested; and (3) the contested factual issue must be material
to the lawfulness of the challenged conduct in obtaining the evidence. Oursbourn v. State,
No. PD 1687-06, 2008 WL 2261744, at *10 (Tex.Crim.App. June 4, 2008); Madden v. State,
242 S.W.3d 504 (Tex.Crim.App. 2007).
           “A fact issue about whether evidence was legally obtained may be raised ‘from any
source, and the evidenced may be strong, weak, contradicted, unimpeachable, or
unbelievable.’” Garza v. State, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004) (quoting Wilkerson v.
State, 933 S.W.3d 276, 280 (Tex.App.–Houston [1st Dist.] 1996, pet. ref’d)). It should be noted,
however, that an article 38.23 instruction must be included in the jury charge only if there is a
factual issue as to how the evidence was obtained. Id. A disagreement with the trial court’s
conclusion that probable cause was shown as a matter of law is not the same as appellant
controverting the facts. Id. at 86. Here, Appellant’s argument is that his arrest and the
subsequent seizure of the cocaine were unlawful because Officer Jaramillo did not have
probable cause to arrest him for public intoxication. That is a legal issue not a factual one. 
Because no factual dispute exists concerning the circumstances of Appellant’s arrest and the
seizure of the cocaine, the trial court did not err in refusing to instruct the jury under article
38.23(a). 
           Furthermore, in order to be “affirmatively contested” the factual dispute must be raised
by affirmative evidence, not merely cross-examination questions or argument. Oursbourn,
2008 WL 2261744 at 10, n. 68.; Madden, 242 S.W.3d at 513 nn. 22-23. Appellant presented
no evidence contesting a factual issue. True, Jaramillo’s testimony on cross-examination
indicated that she could no longer specifically recall Appellant’s physical condition that night, nor
could she say she personally observed him in the alley. Nevertheless, Wiley’s testimony was
unequivocal that he personally observed Appellant prior to his arrest and found his speech
slurred, eyes a little red, hair messed up, and his motor abilities lacking. Jaramillo’s uncertainty
on cross-examination does not raise a fact issue related to whether probable cause existed for
Appellant’s arrest. See Skatell v. State, 688 S.W.2d 248, 251-52 (Tex.App.–Fort Worth 1985,
no pet.).


 This is particularly so because no other controverting evidence was produced. See
Rose v. State, 470 S.W.2d 198, 200 (Tex.Crim.App. 1971); Skattel, 688 S.W.2d at 251. 
           Finally, even if we were to assume that a factual issue was “affirmatively contested,” the
only contested evidence Appellant points to is evidence which is not material to the lawfulness
of the challenged conduct in obtaining the evidence. Testimony that Appellant was close to
home, in a “jovial” mood, and/or did not resist arrest does not contradict the facts underlying the
officers’ testimony at trial. There was no testimony at trial to support Appellant’s assertions on
appeal that the cold morning air did not cause him discomfort, his disheveled appearance may
have been caused by a lack of sleep, or that he was not a threat to himself or others because
he intended to walk home. Neither was there any testimony to contradict Jaramillo’s testimony
that Appellant was intoxicated and in a group in a public place. The absence of evidence does
not raise a fact issue. 
            Accordingly, Appellant’s issues are overruled.Conclusion
 
           The trial court’s judgment is affirmed.
 
 
                                                                                  Patrick A. Pirtle 

                                                                                         Justice 

 
Do not publish.