NO. 07-07-0335-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 27, 2008

_____

TRINNY MARROQUIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A16884-0607; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Trinny Marroquin, was convicted by a jury of possession of cocaine, enhanced, and sentenced to nine years confinement. He contends the trial court erred by failing to give jury instructions, pursuant to article 38.23(a) of the Texas Code of Criminal Procedure, regarding the following issues: (1) whether he was intoxicated and a danger to

himself and others at the time of his initial arrest; and (2) whether he was in a public place at the time of his initial arrest. We affirm.

## Background

At the trial of this cause, the State presented five witnesses. Officers Sophia Jaramillo, Eric Wiley, and Paul Renfro testified to the circumstances surrounding Appellant's arrest and subsequent discovery of a suspicious substance. The remaining two witnesses testified as to the chain-of-custody and chemical analysis of that substance. Appellant did not testify, nor did he present any other witnesses.

Officer Jaramillo of the City of Plainview Police Department testified that at approximately 4:00 a.m., on March 26, 2006, she responded to a disturbance call. After interviewing the complainant, she began patrolling the area in an attempt to locate the suspect who had fled on foot. During that patrol, she entered an alley and observed a group of persons, including Appellant, in the alley and a female urinating behind a residence. When she approached the group, she determined that the individuals were intoxicated because she detected an odor of alcohol on their breath, slurred speech, and glassy eyes. Upon questioning, Jaramillo learned that none of the members of the group resided at the residence.

Jaramillo observed that although the weather that morning was cool enough to require a jacket, Appellant wore only a t-shirt. Jaramillo believed he was intoxicated and that he was

2

a danger to himself because he was not appropriately dressed for the weather. In her estimation, he had access to an automobile, was in no condition to drive, and, if allowed to leave, would have been a danger to himself or others. Jaramillo then transported Appellant to the Hale County Jail on a charge of public intoxication.[1]

On cross-examination, Jaramillo testified that she could not recall having a face-to-face conversation with Appellant, nor could she specifically remember whether his eyes were bloodshot and glassy, or his speech slurred. Officer Wiley testified that he served as back-up to Jaramillo. He testified that he observed Appellant in the alley, his speech was slurred, eyes a little red, and his hair was messed up. He further testified Appellant lacked the normal use of his physical faculties, leaned up against a house for balance, and lost his balance while standing. He believed Appellant was intoxicated and, if not arrested, was a danger to himself and others.

Sergeant Renfro testified that at the jail Appellant repeatedly asked him whether he could use the restroom. Prior to permitting him to use the restroom, Renfro patted him down and found a white, powdery substance in a bag in Appellant's back pocket. Subsequent chemical analysis of that substance revealed it to contain cocaine. Referring to Appellant's booking photo, Renfro described him as leaning to one side, his eyes closed, his tongue partially protruding from his mouth, and hair disheveled.

---

[1]A person commits the offense of public intoxication if he appears in a public place under the influence of alcohol or any other substance to the degree he may endanger himself or another. Tex. Penal Code Ann. § 42.08 (Vernon 2005).

3

At the trial court's jury charge conference, Appellant sought a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure[2] requesting a jury determination whether Jaramillo had probable cause to arrest Appellant for public intoxication and whether her warrantless arrest complied with article 14.03 of the Code of Criminal Procedure.[3] In support of the requested jury instruction, Appellant contended that the testimony of "the officers [was] somewhat conflicted and vague and insufficient regarding the issue of the legality or lawfulness of the arrest." The trial court overruled Appellant's requested instruction.

---

[2]Article 38.23 of the Texas Code of Criminal Procedure states, in pertinent part, as follows:

    (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

    In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). Hereafter, for convenience, we will refer to this article as "article 38.23."

[3]Article 14.03 of the Code of Criminal Procedure states, in pertinent part, as follows:

(a) Any peace officer may arrest, without warrant:

(1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or offense under Section 49.02 [public intoxication], Penal Code, or threaten, or are about to commit some offense against the laws;

Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (Vernon 2005).

4

Appellant contends he was entitled to an article 38.23 jury instruction to permit the jury to decide whether the cocaine discovered during his booking on public intoxication was lawfully obtained because the evidence at trial suggested that, at the time of his arrest, he was neither intoxicated to the point at which he was a danger to himself or others, nor was he in a public place.

**Discussion**

To trigger an exclusionary rule instruction under article 38.23(a) three conditions must exist: (1) the evidence heard by the jury must raise a fact issue; (2) the evidence on that fact issue must be affirmatively contested; and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Oursbourn v. State*, No. PD 1687-06, 2008 WL 2261744, at *10 (Tex.Crim.App. June 4, 2008); *Madden v. State,* 242 S.W.3d 504 (Tex.Crim.App. 2007).

"A fact issue about whether evidence was legally obtained may be raised 'from any source, and the evidenced may be strong, weak, contradicted, unimpeachable, or unbelievable.'" *Garza v. State*, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004) (quoting *Wilkerson v. State*, 933 S.W.3d 276, 280 (Tex.App.–Houston [1ˢᵗ Dist.] 1996, pet. ref'd)). It should be noted, however, that an article 38.23 instruction must be included in the jury charge only if there is a factual issue as to *how* the evidence was obtained. *Id.* A disagreement with the trial court's conclusion that probable cause was shown as a matter of law is not the same as appellant controverting the facts. *Id.* at 86. Here, Appellant's argument is that his arrest and the

5

subsequent seizure of the cocaine were unlawful because Officer Jaramillo did not have probable cause to arrest him for public intoxication. That is a legal issue not a factual one. Because no factual dispute exists concerning the circumstances of Appellant's arrest and the seizure of the cocaine, the trial court did not err in refusing to instruct the jury under article 38.23(a).

Furthermore, in order to be "affirmatively contested" the factual dispute must be raised by affirmative evidence, not merely cross-examination questions or argument. *Oursbourn*, 2008 WL 2261744 at 10, n. 68.; *Madden,* 242 S.W.3d at 513 nn. 22-23. Appellant presented no evidence contesting a factual issue. True, Jaramillo's testimony on cross-examination indicated that she could no longer specifically recall Appellant's physical condition that night, nor could she say she personally observed him in the alley. Nevertheless, Wiley's testimony was unequivocal that he personally observed Appellant prior to his arrest and found his speech slurred, eyes a little red, hair messed up, and his motor abilities lacking. Jaramillo's uncertainty on cross-examination does not raise a fact issue related to whether probable cause existed for Appellant's arrest. *See Skatell v. State,* 688 S.W.2d 248, 251-52 (Tex.App.–Fort Worth 1985, no pet.).[4] This is particularly so because no other controverting evidence was produced. *See Rose v. State,* 470 S.W.2d 198, 200 (Tex.Crim.App. 1971); *Skattel*, 688 S.W.2d at 251.

---

[4]Even if Jaramillo did not personally observe Appellant in the alley, probable cause still existed for Appellant's arrest for public intoxication. In determining whether probable cause exists for an arrest, the cumulative information known to all the officers who cooperated in the arrest is examined. *See Muniz v. State*, 851 S.W.2d 238, 251 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Coyarrubia v. State,* 902 S.W.2d 549, 553 (Tex.App.–Houston [1st Dist.] 1995, pet. ref'd).

Finally, even if we were to assume that a factual issue was "affirmatively contested," the only contested evidence Appellant points to is evidence which is not material to the lawfulness of the challenged conduct in obtaining the evidence. Testimony that Appellant was close to home, in a "jovial" mood, and/or did not resist arrest does not contradict the facts underlying the officers' testimony at trial. There was no testimony at trial to support Appellant's assertions on appeal that the cold morning air did not cause him discomfort, his disheveled appearance may have been caused by a lack of sleep, or that he was not a threat to himself or others because he intended to walk home. Neither was there any testimony to contradict Jaramillo's testimony that Appellant was intoxicated and in a group in a public place. The absence of evidence does not raise a fact issue.

Accordingly, Appellant's issues are overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

7