NO. 07-07-0335-CR
Â 
IN THE COURT OF APPEALS
Â 
FOR THE SEVENTH DISTRICT OF TEXAS
Â 
AT AMARILLO
Â 
PANEL D
Â 
 AUGUST 27, 2008
Â 
______________________________
Â 
Â 
TRINNY MARROQUIN, APPELLANT
Â 
V.
Â 
THE STATE OF TEXAS, APPELLEE
Â 
_________________________________
Â 
FROM THE 242ND DISTRICT COURT OF HALE COUNTY;
Â 
NO. A16884-0607; HONORABLE ED SELF, JUDGE
Â 
_______________________________
Â 
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â 
Â 
MEMORANDUM OPINION
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Appellant, Trinny Marroquin, was convicted by a jury of possession of cocaine,
enhanced, and sentenced to nine years confinement. He contends the trial court erred by
failing to give jury instructions, pursuant to article 38.23(a) of the Texas Code of Criminal
Procedure, regarding the following issues: (1) whether he was intoxicated and a danger to
himself and others at the time of his initial arrest; and (2) whether he was in a public place at
the time of his initial arrest. We affirm. 
Background
Â Â Â Â Â Â Â Â Â Â Â At the trial of this cause, the State presented five witnesses. Officers Sophia Jaramillo,
Eric Wiley, and Paul Renfro testified to the circumstances surrounding Appellantâs arrest and
subsequent discovery of a suspicious substance. The remaining two witnesses testified as
to the chain-of-custody and chemical analysis of that substance. Appellant did not testify, nor
did he present any other witnesses.
Â Â Â Â Â Â Â Â Â Â Â Â Officer Jaramillo of the City of Plainview Police Department testified that at
approximately 4:00 a.m., on March 26, 2006, she responded to a disturbance call. After
interviewing the complainant, she began patrolling the area in an attempt to locate the suspect
who had fled on foot. During that patrol, she entered an alley and observed a group of
persons, including Appellant, in the alley and a female urinating behind a residence. When
she approached the group, she determined that the individuals were intoxicated because she
detected an odor of alcohol on their breath, slurred speech, and glassy eyes. Upon
questioning, Jaramillo learned that none of the members of the group resided at the
residence. Â 
Â Â Â Â Â Â Â Â Â Â Â Jaramillo observed that although the weather that morning was cool enough to require
a jacket, Appellant wore only a t-shirt. Jaramillo believed he was intoxicated and that he was
a danger to himself because he was not appropriately dressed for the weather. In her
estimation, he had access to an automobile, was in no condition to drive, and, if allowed to
leave, would have been a danger to himself or others. Jaramillo then transported Appellant
to the Hale County Jail on a charge of public intoxication.


 
Â Â Â Â Â Â Â Â Â Â Â On cross-examination, Jaramillo testified that she could not recall having a face-to-face
conversation with Appellant, nor could she specifically remember whether his eyes were
bloodshot and glassy, or his speech slurred. Officer Wiley testified that he served as back-up
to Jaramillo. He testified that he observed Appellant in the alley, his speech was slurred, eyes
a little red, and his hair was messed up. He further testified Appellant lacked the normal use
of his physical faculties, leaned up against a house for balance, and lost his balance while
standing. He believed Appellant was intoxicated and, if not arrested, was a danger to himself
and others.
Â Â Â Â Â Â Â Â Â Â Â Â Sergeant Renfro testified that at the jail Appellant repeatedly asked him whether he
could use the restroom. Prior to permitting him to use the restroom, Renfro patted him down
and found a white, powdery substance in a bag in Appellantâs back pocket. Subsequent
chemical analysis of that substance revealed it to contain cocaine. Referring to Appellantâs
booking photo, Renfro described him as leaning to one side, his eyes closed, his tongue
partially protruding from his mouth, and hair disheveled. 
Â Â Â Â Â Â Â Â Â Â Â At the trial courtâs jury charge conference, Appellant sought a jury instruction pursuant
to article 38.23 of the Texas Code of Criminal Procedure


 requesting a jury determination
whether Jaramillo had probable cause to arrest Appellant for public intoxication and whether
her warrantless arrest complied with article 14.03 of the Code of Criminal Procedure.


 In
support of the requested jury instruction, Appellant contended that the testimony of âthe
officers [was] somewhat conflicted and vague and insufficient regarding the issue of the
legality or lawfulness of the arrest.â The trial court overruled Appellantâs requested instruction.
Â Â Â Â Â Â Â Â Â Â Â Appellant contends he was entitled to an article 38.23 jury instruction to permit the jury
to decide whether the cocaine discovered during his booking on public intoxication was
lawfully obtained because the evidence at trial suggested that, at the time of his arrest, he
was neither intoxicated to the point at which he was a danger to himself or others, nor was he
in a public place. 
Discussion
Â Â Â Â Â Â Â Â Â Â Â To trigger an exclusionary rule instruction under article 38.23(a) three conditions must
exist: (1) the evidence heard by the jury must raise a fact issue; (2) the evidence on that fact
issue must be affirmatively contested; and (3) the contested factual issue must be material
to the lawfulness of the challenged conduct in obtaining the evidence. Oursbourn v. State,
No. PD 1687-06, 2008 WL 2261744, at *10 (Tex.Crim.App. June 4, 2008); Madden v. State,
242 S.W.3d 504 (Tex.Crim.App. 2007).
Â Â Â Â Â Â Â Â Â Â Â âA fact issue about whether evidence was legally obtained may be raised âfrom any
source, and the evidenced may be strong, weak, contradicted, unimpeachable, or
unbelievable.ââ Garza v. State, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004) (quoting Wilkerson v.
State, 933 S.W.3d 276, 280 (Tex.App.âHouston [1st Dist.] 1996, pet. refâd)). It should be noted,
however, that an article 38.23 instruction must be included in the jury charge only if there is a
factual issue as to how the evidence was obtained. Id. A disagreement with the trial courtâs
conclusion that probable cause was shown as a matter of law is not the same as appellant
controverting the facts. Id. at 86. Here, Appellantâs argument is that his arrest and the
subsequent seizure of the cocaine were unlawful because Officer Jaramillo did not have
probable cause to arrest him for public intoxication. That is a legal issue not a factual one. 
Because no factual dispute exists concerning the circumstances of Appellantâs arrest and the
seizure of the cocaine, the trial court did not err in refusing to instruct the jury under article
38.23(a). 
Â Â Â Â Â Â Â Â Â Â Â Furthermore, in order to be âaffirmatively contestedâ the factual dispute must be raised
by affirmative evidence, not merely cross-examination questions or argument. Oursbourn,
2008 WL 2261744 at 10, n. 68.; Madden, 242 S.W.3d at 513 nn. 22-23. Appellant presented
no evidence contesting a factual issue. True, Jaramilloâs testimony on cross-examination
indicated that she could no longer specifically recall Appellantâs physical condition that night, nor
could she say she personally observed him in the alley. Nevertheless, Wileyâs testimony was
unequivocal that he personally observed Appellant prior to his arrest and found his speech
slurred, eyes a little red, hair messed up, and his motor abilities lacking. Jaramilloâs uncertainty
on cross-examination does not raise a fact issue related to whether probable cause existed for
Appellantâs arrest. See Skatell v. State, 688 S.W.2d 248, 251-52 (Tex.App.âFort Worth 1985,
no pet.).


 This is particularly so because no other controverting evidence was produced. See
Rose v. State, 470 S.W.2d 198, 200 (Tex.Crim.App. 1971); Skattel, 688 S.W.2d at 251. 
Â Â Â Â Â Â Â Â Â Â Â Finally, even if we were to assume that a factual issue was âaffirmatively contested,â the
only contested evidence Appellant points to is evidence which is not material to the lawfulness
of the challenged conduct in obtaining the evidence. Testimony that Appellant was close to
home, in a âjovialâ mood, and/or did not resist arrest does not contradict the facts underlying the
officersâ testimony at trial. There was no testimony at trial to support Appellantâs assertions on
appeal that the cold morning air did not cause him discomfort, his disheveled appearance may
have been caused by a lack of sleep, or that he was not a threat to himself or others because
he intended to walk home. Neither was there any testimony to contradict Jaramilloâs testimony
that Appellant was intoxicated and in a group in a public place. The absence of evidence does
not raise a fact issue. 
Â Â Â Â Â Â Â Â Â Â Â Â Accordingly, Appellantâs issues are overruled.Conclusion
Â 
Â Â Â Â Â Â Â Â Â Â Â The trial courtâs judgment is affirmed.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice 

Â 
Do not publish.

Â Â Â Â Â Â Â Â Â 

Â 



ont-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpMiddle, li.MsoTitleCxSpMiddle, div.MsoTitleCxSpMiddle
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin:0in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoTitleCxSpLast, li.MsoTitleCxSpLast, div.MsoTitleCxSpLast
 {mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Title Char";
 mso-style-next:Normal;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:15.0pt;
 margin-left:0in;
 mso-add-space:auto;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD 1.0pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;
 mso-bidi-language:EN-US;}
p.MsoSubtitle, li.MsoSubtitle, div.MsoSubtitle
 {mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Subtitle Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
p.MsoNoSpacing, li.MsoNoSpacing, div.MsoNoSpacing
 {mso-style-priority:1;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraph, li.MsoListParagraph, div.MsoListParagraph
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpFirst, li.MsoListParagraphCxSpFirst, div.MsoListParagraphCxSpFirst
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpMiddle, li.MsoListParagraphCxSpMiddle, div.MsoListParagraphCxSpMiddle
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:.5in;
 margin-bottom:.0001pt;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoListParagraphCxSpLast, li.MsoListParagraphCxSpLast, div.MsoListParagraphCxSpLast
 {mso-style-priority:34;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-type:export-only;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:.5in;
 mso-add-space:auto;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
p.MsoQuote, li.MsoQuote, div.MsoQuote
 {mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Quote Char";
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:black;
 mso-bidi-language:EN-US;
 font-style:italic;}
p.MsoIntenseQuote, li.MsoIntenseQuote, div.MsoIntenseQuote
 {mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-link:"Intense Quote Char";
 mso-style-next:Normal;
 margin-top:10.0pt;
 margin-right:.65in;
 margin-bottom:14.0pt;
 margin-left:.65in;
 line-height:115%;
 mso-pagination:widow-orphan;
 border:none;
 mso-border-bottom-alt:solid #4F81BD .5pt;
 padding:0in;
 mso-padding-alt:0in 0in 4.0pt 0in;
 font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 color:#4F81BD;
 mso-bidi-language:EN-US;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleEmphasis
 {mso-style-priority:19;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:gray;
 font-style:italic;}
span.MsoIntenseEmphasis
 {mso-style-priority:21;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.MsoSubtleReference
 {mso-style-priority:31;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 text-decoration:underline;
 text-underline:single;}
span.MsoIntenseReference
 {mso-style-priority:32;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 color:#C0504D;
 letter-spacing:.25pt;
 font-weight:bold;
 text-decoration:underline;
 text-underline:single;}
span.MsoBookTitle
 {mso-style-priority:33;
 mso-style-unhide:no;
 mso-style-qformat:yes;
 font-variant:small-caps;
 letter-spacing:.25pt;
 font-weight:bold;}
p.MsoTocHeading, li.MsoTocHeading, div.MsoTocHeading
 {mso-style-noshow:yes;
 mso-style-priority:39;
 mso-style-qformat:yes;
 mso-style-parent:"Heading 1";
 mso-style-next:Normal;
 margin-top:24.0pt;
 margin-right:0in;
 margin-bottom:0in;
 margin-left:0in;
 margin-bottom:.0001pt;
 line-height:115%;
 mso-pagination:widow-orphan lines-together;
 page-break-after:avoid;
 font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 mso-bidi-language:EN-US;
 font-weight:bold;}
span.Heading1Char
 {mso-style-name:"Heading 1 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 1";
 mso-ansi-font-size:14.0pt;
 mso-bidi-font-size:14.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#365F91;
 font-weight:bold;}
span.Heading2Char
 {mso-style-name:"Heading 2 Char";
 mso-style-noshow:yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0230.CR%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0230.CR%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0230.CR%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0230.CR%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("07-10-0230.CR%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0230.CR%20opinion_files/header.htm") f2;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->








NO. 07-10-00230-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL D

Â 



AUGUST
10, 2010

Â 



Â 

DAVID EUGENE HAMILTON, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

Â 

NO. 11,394; HONORABLE DAN MIKE BIRD, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Appellant, David Eugene Hamilton,
filed a notice of appeal challenging his conviction and sentence.Â  On June 28, 2010, we abated and remanded the
case to allow the filing of a new certification of appellantÂs right to
appeal.Â  Tex. R. App.
P. 25.2(d).Â  On August 2,
appellant filed, rather than a new certification, a motion to dismiss the
appeal.Â  The motion is signed by
appellant and his counsel.Â  Tex. R. App. P. 42.2(a).Â 
We have delivered no decision on the merits of appellantÂs case.Â  We reinstate the case, dissolve the
abatement, and grant appellantÂs motion to dismiss.Â  Accordingly, the appeal is dismissed.Â  No motion for rehearing will be entertained
and our mandate will issue forthwith.

Â 

Â 

James T. Campbell

Â Â Â Â Â Â Â Â Â  Justice

Â 

Â 

Do not
publish.

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â