Nathan Webster v. The State.

No. 12975.   Delivered January 29, 1930.
Reported in 23 S. W. (2d) 1118.

The opinion states the case.

*Wright Stubbs* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

An officer searched appellant as he was getting on a street car and found in his possession more than a quart of intoxicating liquor. Appellant offered no testimony.

There was no controversy as to the existence of the facts and, circumstances relied upon to establish probable cause for a search without a warrant.   The officer was permitted to testify that a street car conductor had told him that appellant had transported whiskey on his street car, making several trips a day.   Appellant objected to this testimony on several grounds, among them being that the statement was hearsay.   The court overruled the objection and permitted the testimony to go to the jury.   In this the court committed error.   The statement was hearsay.   It tended to show that appellant was generally engaged in the business of handling intoxicating liquor.   Appellant received more than the minimum penalty and we are unable to say that the objectionable testimony was not prejudicial

to his rights. Weddle v. State, 16 S. W. (2d) 244, opinion on motion for rehearing. Where the facts relied upon to establish probable cause are uncontroverted, their sufficiency is a question of law for the court. Whether such facts exist in any particular case is a question of fact. When the facts are in controversy the question should be submitted to the jury under proper instructions. McNeal v. State, 17 S. W. (2d) 1050. In the present case, as stated above, there was no controversy as to the existence of the facts relied upon to establish probable cause.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.