**Fred ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43911.

Court of Criminal Appeals of Texas.

June 16, 1971.

Rehearing Denied Sept. 16, 1971.

Abney & Burleson by James A. Mills, Jr., court appointed Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The punishment was assessed by the jury at niney-nine years.

The sufficiency of the evidence is not challenged. The record reflects that officers were told by a seventeen-year-old boy that Fred Rose had robbed him. The officers found the appellant, arrested and searched him and seized two matchboxes containing enough marihuana to make eight or ten cigarettes.

First, it is contended that the trial court erred in refusing to permit appellant's counsel "to question individually prospective jurors number 18 to number 33 inclusive."

The voir dire examination of the jury panel has not been made a part of the

record. The questions and answers of two prospective jurors concerning the range of punishment is included in the record.

Concerning this contention only the following appears in the record:

"THE COURT: Counsel, let's go to Mr. Baker now, he is No. 34. You will need to question him.

"MR. MILLS: Do what, Judge?

"THE COURT: You have used up your time, but you are going to have to question Mr. Baker. Mr. Baker has not been questioned, and I suggest you talk to him.

"MR. MILLS: Is it my understanding that I am not going to be permitted to talk to the rest of the people?

"THE COURT: We are not going to sit here all afternoon and listen to these questions, no.

"MR. MILLS: Note my exception to the Court's ruling in not permitting the Defendant through his counsel to talk with the various members of the jury panel; that the State was allowed to talk to them. The Defendant by and through his counsel not being able to talk to jurors, from No. 18 down to No. 33.

"THE COURT: All right, let the record show that counsel has used one hour and fifteen minutes, and has used thirty minutes since the Court admonished him to hurry along. All right, you can talk to Mr. Baker, and then it is all over then, when you get through with Mr. Baker.

"MR. MILLS: All right.

(Whereupon Mr. Mills voir dires Mr. Baker)

"MR. MILLS: All right, Your Honor."

The objection by appellant's counsel does not prove itself. Assuming that the statements in the objection are true, there is not enough of the voir dire examination in the record to show the questions asked of prospective jurors as a group or what further questions counsel wished to ask. The record is insufficient to reflect error.

■ Next, it is contended that the court erred in holding that probable cause existed for the arrest of the appellant.

David McDonald of the Dallas Police Department testified that Freddie Jeffries hailed the officers in the patrol car. Out of the presence of the jury Officer McDonald testified that Jeffries reported that he had been robbed by Fred Rose who was then at 1234 Fletcher and described him. Jeffries also stated to Officer McDonald that Rose was about to leave or that he had possibly left. Officer Sullivan was with McDonald and they then took Jeffries and went to the Fletcher Street address. When the officers went to the house, Willie Fisher came to the door and told the officers that Fred had left. Fisher gave McDonald permission to enter the house. McDonald entered and saw a man fitting the description of Rose that had been given to him by Jeffries. McDonald asked his name and he replied, "Fred Rose." . At that time Jeffries entered the house, pointed his finger at Rose and said, "That is the man who robbed me." The subsequent search resulted in the officers finding the marihuana.

Officer McDonald testified that he later learned that Jeffries had reported the robbery the night before. Officer S. L. Southall testified outside the presence of the jury that they received a call to go to the 1100 block of Fletcher Street. There they saw an excited Jeffries who told them about Rose and that he would not be at the house .very long.

The evidence shows that the report of Jeffries and the arrest of Rose was between 7:00 and 8:00 o'clock on a Friday night. The officers testified that they did not have time to procure a warrant after talking to Jeffries shortly before the arrest.

Article 14.04, Vernon's Ann.C.C.P., provides:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

The appellant relies upon Vinson v. State, 138 Tex.Cr.R. 557, 137 S.W.2d 1048, which held that an officer who had information about a robber who was at his home and was not about to escape did not have a right to arrest Vinson without a warrant. That case is distinguishable. In the present case the officers testified that Jeffries told them that Rose was about to leave. The specific words "about to escape" do not have to be used to show that such an arrest may be authorized without a warrant under Article 14.04, supra.

In Thornton v. State, Tex.Cr.App., 451 S.W.2d 898, the arrest was made on a Sunday afternoon. The officers testified that they did not think they had time to get a warrant after a report of the robbery and the location of the robbers had been given them. This Court held that the officers were authorized to make the arrest without a warrant. See also Flanagan v. State, Tex.Cr.App., 465 S.W.2d 755.

The court did not err in holding that the officers had probable cause to make the arrest. No error has been shown.

■ Next, complaint is made because the court refused to include an instruction to the jury on the right to arrest without a warrant.

The appellant cites from Webster v. State, 114 Tex.Cr.R. 187, 23 S.W.2d 1118, the following:

" * * * Where the facts relied upon to establish probable cause are uncontroverted, their sufficiency is a question of law for the court. Whether such facts exist in any particular case is a question of fact. When the facts are in controversy, the question should be submitted to the jury under proper instructions. * * * "

This is the correct rule. Article 38.23, V.A.C.C.P., provides for such a charge. No witness was called by the appellant to controvert the testimony of the officers. The cross-examination did not raise a fact issue on the right to arrest. Therefore, the court did not err in refusing the charge. See Pennington v. State, Tex.Cr.App., 364 S.W.2d 376.

■ Complaint is made because the trial court admitted into evidence at the penalty stage of the trial records of some five previous convictions. They included two cases of burglary in 1945, burglary in 1949, breaking and entering a coin-operated machine and burglary in 1956.

First, it is contended that the previous convictions were too remote. This Court discussed the admission of prior convictions under Article 37.07, Section 2(b), V.A.C.C.P., in Ingram v. State, Tex.Cr.App., 426 S.W.2d 877, and wrote: "The law places no limitation by reason of remoteness on prior convictions offered to show the prior criminal record of the defendant." See Martin v. State, Tex.Cr.App., 463 S.W.2d 449.

■ The fact that the prior judgments and sentences were not signed by the judge does not affect the validity of the former convictions. Gutierrez v. State, Tex.Cr.App., 456 S.W.2d 84; McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521.

The admission of the records of prior convictions was not error.

■ Lastly, complaint is made of some three different arguments at the penalty stage of the trial in the same ground of error.

Article 40.09, Section 9, V.A.C.C.P., pertaining to appellate briefs in the trial court

provides, in part: "This brief shall set forth separately each ground of error of which defendant desires to complain on appeal."

Complaints concerning several different arguments in one ground cannot be considered on appeal. Flanagan v. State, Tex. Cr. App., 465 S.W.2d 755.

If the arguments were properly before us, no reversible error would be shown.

No reversible error appears in the record. The judgment is affirmed.