**Symmachia Carl McQUEEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–116–CR.**

Court of Appeals of Texas,
Waco.

Dec. 10, 1981.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Jr., Chris Lorenzen, Asst. Dist. Attys., Houston, for appellee.

Before McDONALD, C.J., and HALL and JAMES, JJ.

## OPINION

McDONALD, Chief Justice.

Appellant was convicted of Aggravated Rape and sentenced to not less than 5 nor more than 40 years confinement in the Texas Department of Corrections.

Appellant appeals on 2 points asserting the trial court erred in failing to grant appellant's motion to suppress evidence in that it was derived as a result of the illegal arrest of appellant.

The record reflects that on August 9, 1979 Mrs. Audrey Peters was accosted by a small black man with a light complexion and a gold capped front upper tooth as she got into her automobile; the man said he had a gun and took Mrs. Peters's money and watch; he then displayed the gun and pulled Mrs. Peters into nearby bushes where he raped her, forcing her submission by exhibiting the pistol and threatening to kill her. At the trial Mrs. Peters positively identified appellant as the rapist.

On September 27, 1979 a robber robbed a Mrs. Malveaux at gun point in the same neighborhood in which Mrs. Peters was robbed and raped. On September 29, 1979 Mrs. Malveaux saw the man who robbed her on the street; told her husband she had seen the man who robbed her; her husband contacted the police who secured a description of the robber from Mrs. Malveaux and cruised the neighborhood looking for him; spotted him; called on him to stop; he ran, but was cornered and arrested by the officers.

Thereafter he was positively identified in a lineup as the party who robbed Mrs. Malveaux and robbed and raped Mrs. Peters. The suspect was appellant.

In the first place appellant's arrest was not illegal. Where a police officer is told by a victim where the accused can be found and that he is about to leave such place the police officer is authorized to make a warrantless arrest. *Rose v. State*, Tex.Cr.App., 470 S.W.2d 198.

In the second place, Mrs. Peters positively identified appellant in the courtroom. In such situation the arrest even if illegal, does not render the "in court" identification of appellant inadmissible and such is not tainted by any illegality of the arrest. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537.

Appellant's points are overruled.

AFFIRMED.