**Ruben Nelson HOGAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 61069.

Court of Criminal Appeals of Texas, Panel No. 3.

April 14, 1982.

Craig W. Uhran, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Matt Leeper, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for carrying a handgun on a licensed premises. Appellant's punishment was enhanced by a prior conviction and he was sentenced to seventeen years in the Texas Department of Corrections and an $8,000 fine.

The appellant complains on appeal that the trial court erred in denying his motion to suppress the evidence seized during his illegal arrest. We agree.

The record shows that on January 14, 1978, Officer Best and Officer Clendenan received a call regarding a robbery. They proceeded to the home of the complaining witness, David Bonner, arriving around 3:45 p.m., and found him standing in his front yard, waving a pistol. Bonner was very drunk and upset, and the officers disarmed him. Bonner related to the officers that earlier in the day appellant had beat him up and robbed him in front of the House of Joy Lounge. Bonner gave the officers the name and a physical description of appellant. The police officers radioed a report on the case and, a little while later, received a call from Officer Dan Silva, who informed them that he had investigated a robbery case a month earlier in which appellant was the suspect.[1] The officers arrested the complaining witness, David Bonner, for public intoxication and put him in their patrol car to transport him to jail. On the way to the jail, they stopped at the House of Joy Lounge. When they arrived, the owner of the lounge was locking up. The owner told them that appellant had been there earlier but had left. The officers returned to their car and transported David Bonner to jail. After booking Bonner, the officers testified that they stopped for a thirty minute dinner break. At approximately 6:30, the officers returned to the House of Joy Lounge. When they entered the lounge, they asked if Ruben Hogan was present. When no one answered, the officers told the patrons to produce their ID's. At this point the owner of the lounge pointed out the appellant.

Officer Best testified at the hearing on appellant's motion to suppress that at that point he walked over to appellant, grabbed appellant's left arm and escorted him outside. Officer Best testified that at no time did he feel appellant was about to flee. When they reached the parking lot, Officer Best told appellant to raise his hands and told him he was under arrest for robbery investigation. Officer Best then searched appellant and found the pistol which is the subject of this case. There is no dispute that the arrest was made without a warrant. Officer Best testified at the hearing on appellant's motion to suppress that he felt that, since appellant was a suspect in two cases, there was sufficient probable cause to arrest appellant, and he did not feel he needed an arrest warrant. Officer Clendenan testified at the hearing on appellant's motion to suppress that they did not get a warrant from a justice of the peace because:

> "Well, our complainant was intoxicated and I didn't know if they would draw up a warrant considering how intoxicated he was."

At trial, Officer Clendenan testified that he and Officer Best did not try and get an arrest warrant because they did not think they would find Mr. Hogan at the lounge. They were just checking to see if the lounge owner had seen him.

The Texas Code of Criminal Procedure contains several articles which control warrantless arrests. Article 14.01(b), V.A.C.C.P., provides that a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. There is nothing in the record to suggest that the warrantless arrest in this case was based on this statutory provision. The officers had not seen appellant commit any crime before they arrested him. Article 14.02, V.A.C.C.P., allows a peace officer to make a warrantless arrest when a felony or breach of the peace has been committed in the presence or within the view of a

---

1. The record reflects that there were no out-standing arrest warrants for appellant.

magistrate, and the magistrate orders the arrest of the offender. Clearly that provision is not applicable to the case at bar. Article 14.03(a), V.A.C.C.P., provides that an officer may make a warrantless arrest of a person found in a suspicious place and under circumstances which reasonably show that such person has been guilty of a felony or breach of the peace or is threatening or is about to commit an offense. There is nothing suspicious about appellant being found in the House of Joy Lounge. Thus, this provision does not seem to justify appellant's warrantless arrest. Article 14.04, V.A.C.C.P., concerns warrantless arrests where a felony has been committed and the offender is about to escape:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Under the facts of this case, we feel the officers did have probable cause to arrest appellant. Our next inquiry is to determine if the second requirement of Article 14.04, supra, was met; that is, was it shown to the police officers that the appellant was about to escape? There is nothing in the record to show that the police officers were under the impression that the appellant was about to escape and they would not have time to secure an arrest warrant. See *Maloy v. State*, 582 S.W.2d 125 (Tex.Cr.App.1979); *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr. App.1978); *Jones v. State*, 565 S.W.2d 934 (Tex.Cr.App.1978); *Rose v. State*, 470 S.W.2d 198 (Tex.Cr.App.1971).

A police officer should always obtain an arrest warrant when possible. *Hardison v. State*, 597 S.W.2d 355 (Tex.Cr.App. 1980); *Honeycutt v. State*, 499 S.W.2d 662 (Tex.Cr.App.1973). Only in limited circumstances will an arrest without a warrant be authorized. Under Article 14.04, supra, a showing that the offender is about to escape is indispensable. *Hardison v. State*, supra; *Honeycutt v. State*, supra. We cannot conclude from the record before us that appellant was about to escape or that it was not possible to secure a felony arrest warrant under the circumstances. Indeed, the record shows the police officers made no attempt to find out if a justice of the peace was available or to secure an arrest warrant. Instead, after having been given the name of appellant, a physical description of him and a fairly good idea of where he could be found, they spent approximately three hours driving to downtown Houston, booking the complaining witness for public intoxication and then taking a thirty minute dinner break. Such a lapse in time shows that there were no exigent circumstances.

The State in its brief seems to suggest that even though this might be an illegal warrantless arrest, the circumstances justified a temporary detention for purposes of investigation, and thus the officers were justified in conducting a weapon search. But, the record shows that Officer Best and Officer Clendenan *arrested* appellant. There was no temporary detention in this case. The record shows that Officer Best testified at the hearing on the motion to suppress:

"Mr. Hogan was at the end of the bar and he was scooting around behind it. I walked over and said we need to talk ·to you outside. I grabbed him by his left arm and went outside. As we got outside, I told him to put his hands up, you're under arrest for robbery investigation, and I searched him for my own protection, and I found this pistol in his left front pocket."

Thus, the State's argument is without merit.

In view of the record, we conclude that the requirements of Article 14.04, supra, were not met. Thus, the warrantless arrest of appellant was unauthorized. Appellant's motion to suppress should have been granted by the trial court.

The judgment is reversed and the cause remanded.