NUMBER
13-01-00418-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

 

MICHAEL WAYNE ASHLEY,                                         Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

         On appeal from
the County Court of Live Oak County, Texas.

 

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








A jury found appellant,
Michael Wayne Ashley, guilty of the offense of driving while intoxicated,[1]
and the trial court assessed his punishment at 180 days confinement and a $500
fine.  However, the trial court suspended
the confinement and placed appellant on community supervision for a term of two
years.  In a single point of error, appellant contends the trial court erred by refusing to include an
instruction on probable cause in the court=s charge to the jury.  We
affirm. 

                                                A.  Background

On January 20, 2001, Trooper Guadalupe Ramon of the Texas
Department of Public Safety observed appellant driving on the access road to
Interstate Highway 37 in Live Oak County. 
Ramon suspected that appellant was speeding and pulled up behind him to Apace@ his
speed.  Ramon determined that appellant
was not speeding, but nevertheless activated the video camera mounted in his
patrol unit.  Ramon then saw appellant
make an illegal left-hand turn from an intersection on the access road.  As Ramon continued to follow him, appellant
twice drifted across the yellow dividing line into the oncoming traffic
lane.  Ramon then pulled appellant
over.  Appellant was arrested for driving
while intoxicated after he failed several field sobriety tests administered by
Ramon.         At
the charge conference, appellant=s counsel asked the trial court to include the following
instruction in the charge to the jury:   

The law provides that any evidence received or discovered as a
result of an unlawful stop cannot be used in the prosecution of a citizen of
the United States or the State of Texas. 
The State of Texas has the burden of showing that probable cause existed
for stopping and detaining the defendant in this matter.  The State must prove by a preponderance of
the evidence that the initial stop and detention of the defendant was
lawful.  If you find that the initial
stop was not lawful, you must exclude all evidence resulting from that stop and
not base any determination of guilt on that evidence.

 

The trial court denied appellant=s request. 

                                        B.  Preservation
of Error








Appellant=s requested jury instruction called the trial court=s attention to the omission of such an instruction.   Tex.
Code Crim. Proc. Ann. art. 36.15 (Vernon Supp. 2002); Tex. R. App. P. 33.1; Espericueta v.
State, 838 S.W.2d 880, 882 (Tex. App.BCorpus Christi 1992, no pet.).  Accordingly, we conclude that error, if any, is preserved for our
review.

                                          C.  Special
Instruction

In his sole point of error, appellant complains that the trial
court erred by failing to instruct the jury on the legality of the traffic
stop, as required by article 38.23 of the code of criminal procedure.  Appellant contends that a fact issue was
raised because the State=s videotape controverted Ramon=s testimony that appellant made an illegal left-hand turn and
twice drifted across the yellow dividing line. 
Appellant asserts the videotape does not show that he made an illegal
left-hand turn or drifted across the yellow dividing line.

Article 38.23(a) of the code of criminal procedure provides:

No evidence obtained by an officer or other person in violation of
any provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.

 

In any case where the legal evidence raises an issue hereunder,
the jury shall be instructed that if it believes, or has a reasonable doubt,
that the evidence was obtained in violation of the provisions of this Article,
then and in such event, the jury shall disregard any such evidence so obtained.

 

Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon Supp.
2002) (emphasis added).








When a fact issue regarding the validity of a stop is raised, the
terms of article 38.23 clearly mandate that the jury be charged on that
issue.  Jordan v. State, 562
S.W.2d 472, 472 (Tex. Crim. App. 1978). 
It is improper to so charge the jury, unless a fact issue has been
raised.  Hamilton v. State, 831
S.W.2d 326, 331 (Tex. Crim. App. 1992); Murphy v. State, 640 S.W.2d 297,
299 (Tex. Crim. App. 1982); see Thomas v. State, 723 S.W.2d 696,
707 (Tex. Crim. App. 1986) (trial court must instruct jury to disregard
evidence obtained illegally if defendant requests instruction and raises fact
issue concerning manner in which evidence was obtained).  In order to raise a fact issue, the facts
relied upon to establish probable cause must be in controversy.  Rose v. State, 470 S.W.2d 198, 200 (Tex.
Crim. App. 1971); Webster v. State, 23 S.W.2d 1118 (Tex. Crim. App.
1930).  The facts are in controversy if
the issue of their validity is raised by the evidence.  Jordan, 562 S.W.2d at 472.

                                             D.  The
Traffic Stop

An officer may lawfully stop and detain a person for a traffic
violation.  McVickers v. State,
874 S.W.2d 662, 664 (Tex. Crim. App. 1993); See Walter v. State, 28
S.W.3d 538, 543 (Tex. Crim. App. 2000) (observation of actual violation of law
is sufficient probable cause for traffic stop); Howard v. State, 888
S.W.2d 166, 172 (Tex. App.BWaco 1994, pet. ref=d) (stop of vehicle is lawful provided police had reasonable
suspicion of traffic violation either on automobile or by occupant).  In the instant case, two separate and
independent reasons for the traffic stop were presented, either of which would
constitute sufficient probable cause for the stop.

                                            1.  Illegal Left-Hand Turn








Ramon testified that appellant made an illegal left-hand turn,
violating Texas Transportation Code section 545.101, and that he relied on this
fact to establish probable cause for the stop. 
See Tex. Transp. Code Ann. ' 545.101 (Vernon
Supp. 2002).  We have reviewed the entire record and have
found that Ramon=s testimony
regarding appellant=s illegal left-hand turn is uncontroverted.  The videotape does not controvert Ramon=s testimony because it does not effectively show the turn.  The video camera was mounted within the
patrol car in a fixed position, pointing straight-forward.  As Ramon pulled up behind appellant at the
stop sign, appellant made a left-hand turn outside of the camera frame.  Thus, the video is inconclusive in regard to
the illegal turn and does not controvert Ramon=s testimony.

Because Ramon=s testimony is uncontroverted, we conclude appellant did not raise
a fact issue regarding probable cause. 
Accordingly, because there was no fact question regarding probable cause
for the jury to resolve, we hold the trial court did not err by refusing to
submit an article 38.23 instruction to the jury.    See Rose, 470 S.W.2d at 200. 

                                      2.  Crossing Yellow Dividing Line

Because we have found there is one legally sufficient uncontroverted
ground for the stop, we need not address whether the evidence controverts Ramon=s testimony that appellant twice crossed the yellow dividing
line.  Tex.
R. App. P. 47.1.  Appellant=s sole point of error is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this the

27th
day of June, 2002.











[1]See
Tex. Pen. Code Ann. ' 49.04 (Vernon Supp.
2002).