Affirmed and Memorandum Opinion filed November 6, 2008








Affirmed and Memorandum Opinion filed November 6, 2008.

 

                                                                                                                                                            

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00652-CR

____________

 

LEON RUSSELL DAWSON A/K/A LEON
RUSSEL DAWSON,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1075748

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Leon Russell Dawson, was convicted of capital
murder by a jury and sentenced to life in prison.  Appellant now appeals his
murder conviction, asserting that the trial court erred in admitting
extraneous-offense evidence and his videotaped confession.  We affirm.

I.  BACKGROUND








On July 7, 2006, Anand Sharma was working at a gas station
in Southwest Houston.  Shortly before midnight, appellant entered the store and
robbed Sharma at gunpoint.  Sharma grabbed a small knife, and appellant shot
him in his right temple.  Sharma later died at a nearby hospital.  

Sharma=s murder was captured on videotape from
the store security camera.  Homicide investigators retrieved the videotape and
released photographs to Crime Stoppers.  Among the several tips received by law
enforcement was appellant=s mother, who contacted police and
identified the shooter in the videotape as her son.  Appellant=s mother told
police that appellant had shaved his hair completely off and was possibly
leaving town.  Appellant=s friend, Jervani Jones, told police that
he provided appellant with the gun used in the robbery and drove appellant to
the gas station on the night of the robbery.  Jones told police that he knew
appellant planned to rob the store when he drove appellant to the gas station. 
Based on this information and other tips, homicide investigators began
surveillance of appellant. 

On the first day of surveillance, officers observed
appellant packing clothes and other personal items into a car with the
assistance of his mother and sister.  Appellant had changed his appearance as
described to police by his mother.  Officers arrested appellant; he was handcuffed,
placed into a police unit, and given his statutory warnings.  Appellant waived
his statutory rights and later gave officers a videotaped statement.  Appellant
admitted to shooting Sharma and identified the location of the murder weapon. 
Appellant told officers that he did not intend to kill Sharma; rather, he shot
Sharma after Sharma approached him with a knife, and he intended to shoot him
only in the shoulder.

Appellant was charged by indictment with capital murder. 
He pleaded not guilty, and the case was tried before a jury.  The jury
convicted appellant of capital murder and sentenced him to life in prison.  On
appeal, appellant contends that the trial court erred by admitting: (1)
extraneous-offense evidence and (2) his videotaped confession.

II.  EXTRANEOUS OFFENSES








In appellant=s first issue, he
argues that the trial court erred in admitting extraneous-acts evidence at the
guilt phase of the trial.  He argues that the admission of the following acts
violated Texas Rules of Evidence 404(b), 403, and 609: (1) appellant=s prior felony
probation violations, (2) appellant=s bad acts during
his stay at the Texas Youth Center (ATYC@), which included
assault, disorderly conduct, and abusive language; and (3) appellant=s prior incidents
of school fighting and physical threats to teachers.   

A.  Rule 404

We review a trial court=s ruling on
admission of evidence for an abuse of discretion.  Sauceda v. State, 129
S.W.3d 116, 120 (Tex. Crim. App. 2004).  The trial court does not abuse its
discretion unless its determination lies outside the zone of reasonable
disagreement. Walters v. State, 247 S.W.3d 204, 217 (Tex. Crim. App.
2007).  While evidence of other crimes, wrongs, or acts is not admissible Ato prove the
character of a person in order to show action in conformity therewith,@ it may be
admissible for another purpose, such as intent and state of mind.  Tex. R.
Evid. 404(b); Berry v. State, 233 S.W.3d 847, 858 (Tex. Crim. App.
2007).  Extraneous-offense evidence may also be admissible when a defendant
raises an affirmative defense, such as self-defense.  See Johnston v. State,
145 S.W.3d 215, 219 (Tex. Crim. App. 2004).  Applying the relevant standard of
review, we conclude that the challenged extraneous-acts evidence was admissible
for the purpose of rebutting appellant=s self-defense
claim and to show appellant=s state of mind at the time of the murder.

Appellant did not contest the fact of his conduct; rather,
the contested issue was his intent.  At trial, appellant vehemently denied
having the intent to kill Sharma, and testified that he acted in self-defense.  
Specifically, appellant testified that Sharma was the aggressor on the night of
the murder and that Sharma attempted to stab appellant with a knife.    Once
appellant claimed he acted in self-defense, the State was allowed to rebut the
defense with evidence of other crimes, wrongs, or acts, or evidence of violent
acts where appellant was the aggressor.  See Lemmons v. State, 75
S.W.3d 513, 522-23 (Tex. App.CSan Antonio 2002, pet. ref=d) (holding that
extraneous offense offered by the State to show murder defendant was aggressor
in the past was relevant to rebut his self-defense claim).








Consistent with rule 404(b), the State introduced
extraneous-acts evidence that rebutted appellant=s claim of
self-defense.  The extraneous-acts evidence showed that appellant initiated
physical altercations without provocation.  These unprovoked violent
altercations were reoccurring and in close proximity in time to the murder. 
Appellant=s immediate history of unprovoked violent behavior
rebuts his defensive theory that he was not the aggressor on the night of the
murder and acted in self-defense.  See id.; see also Simmons v. State,
No. 14-00-01365-CR, 2002 WL 370033, at *1 (Tex. App.CHouston [14th
Dist.] Mar. 7, 2002, no pet.) (not designated for publication) (concluding that
testimony of the defendant=s prior bad act of taunting a neighbor was
admissible to rebut his self-defense claim). 

Furthermore, appellant testified that he had been diagnosed
with mental and emotional disorders, requiring him to take medication; however,
he was not taking the medication at the time of the murder.  The
extraneous-acts evidence shows that appellant committed bad acts while he was
on his medication.  Evidence of appellant=s previous bad
acts while on his medication is relevant to show that his present criminal act
was not due solely to his failure to take his medication at the time of the
murder.  Thus, the extraneous-offense evidence is relevant to appellant=s intent and his
state of mind at the time of the murder.    

The complained-of evidence had a purpose apart from
character conformity: it was relevant to show that appellant acted
intentionally and knowingly with respect to the instant crime and to rebut the
defensive theories of self-defense and accident.  The trial court=s decision to
admit this evidence was within the zone of reasonable disagreement and not an
abuse of discretion.  See Berry, 233 S.W.3d at 858.

B.  Rule 403








Appellant further contends that the evidence should have
been excluded under rule 403.  Although admissible under rule 404(b), the same
evidence may be inadmissible under rule 403 if the probative value of such
evidence is substantially outweighed by unfair prejudice.  Prince v. State,
192 S.W.3d 49, 56 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d).   The
following factors are taken into consideration when undertaking a rule 403
analysis: (1) the inherent probative force of the proffered evidence; (2) the
proponent=s need for that evidence; (3) any tendency of the
evidence to suggest decision on an improper basis; (4) any tendency of the
evidence to confuse or distract the jury from the main issues; (5) any tendency
of the evidence to be given undue weight by a jury that has not been equipped
to evaluate the probative force of the evidence; and (6) the likelihood that
presentation of the evidence will consume an inordinate amount of time or
merely repeat evidence already admitted.  Gigliobianco v. State, 210
S.W.3d 637, 641-42 (Tex. Crim. App. 2006).  

Appellant=s intent could not be inferred from his
actions, and he attempted to rebut the evidence of specific intent.  As
discussed above, the extraneous-offense evidence was highly probative of
appellant=s intent, a material issue at trial.  Because the
evidence has substantial probative value, there was little tendency to suggest
a decision on an improper basis or to confuse or distract the jury from the
main issues.  It took the State little time to present the evidence to the
jury.  Appellant identifies no similar evidence that the State could have used
to rebut his defensive theories.  See id.

In balancing the inherent probative value of the
extraneous-acts evidence and the State=s need for the
evidence against rule 403's counterfactors, the trial court could have
reasonably concluded that the evidence was not unfairly prejudicial and did not
have a tendency to suggest a decision on an improper basis or to confuse or
mislead the jury.  Considering all the relevant factors, we conclude that the
trial court did not abuse its discretion in admitting the evidence over
appellant=s rule 403 objection.                 

C.  Rule 609








Lastly, appellant contends that the extraneous acts were
improper impeachment evidence under rule 609.  To properly preserve an issue
for appellate review, there must be a timely objection specifically stating the
legal basis for the objection.  Rezac v. State, 782 S.W.2d 869, 870
(Tex. Crim. App. 1990).  An objection based on one legal theory may not be used
to support a different legal theory on appeal.  Cook v. State, 858
S.W.2d 467, 474 (Tex. Crim. App. 1993).  The complaint appellant now raises
does not comport with the objection he voiced at trial.  At trial, appellant
objected that the evidence was inadmissible under rules 403 and 404.  On
appeal, he additionally argues that the evidence is improper impeachment.  An
objection that evidence is irrelevant and prejudicial is different from an
objection that evidence is being used to improperly impeach a witness.  See
Tex. R. Evid. 609.  Therefore, appellant has waived error on his rule 609
challenge.  See Cook, 858 S.W.2d at 474.  

We overrule appellant=s first issue.  

III.  SUPPRESSION OF APPELLANT=S CONFESSION

In appellant=s second issue, he
argues that the trial court erred in overruling his motion to suppress his
statements because they were the result of an illegal, warrantless arrest. 
Appellant=s motion to suppress sought to exclude his videotaped
statements made shortly after being taken into custody.[1]


A.  Standard of Review








We review a trial court=s suppression
ruling under an abuse of discretion standard.  Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996).  At a suppression hearing, the trial
judge is the sole fact-finder.  Arnold v. State, 873 S.W.2d 27, 34 (Tex.
Crim. App. 1993).  We give almost total deference to the trial court=s determination of
historical facts when supported by the record, particularly if the findings
turn on witness credibility and demeanor.  State v. Ross, 32 S.W.3d 853,
855-56 (Tex. Crim. App. 2000); Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  The same deference is accorded to determinations of
mixed questions of law and fact if their resolution depends upon witness
credibility and demeanor.  Ross, 32 S.W.3d at 856.  Issues that present
purely legal questions are considered under a de novo standard.  Id. 
 

When, as here, the trial court declines to file findings of
fact, we view the evidence in the light most favorable to the trial court=s ruling and
assume that the trial court made implicit findings of fact supporting its
rulings, as long as those findings are supported by the record.  Id. at
855; Carmouche, 10 S.W.3d at 327-28.  In determining whether a trial
court=s decision is
supported by the record, we generally consider only evidence adduced at the
suppression hearing because the ruling was based on it rather than evidence
introduced later.  See Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim.
App. 1996).  However, the general rule is inapplicable when, as in this case,
the suppression issue is addressed during trial, after related testimony has
been offered.  See Saldivar v. State, 209 S.W.3d 275, 281 (Tex. App.CFort Worth 2006,
no pet.) (considering evidence adduced before and during suppression hearing
where motion was carried to trial).  








Moreover, when evidence relevant to the suppression issue
is consensually litigated by the parties after the trial court=s suppression
ruling at trial, we consider the evidence to have been re-opened.  Rachal,
917 S.W.2d at 809.  Shortly after the trial court=s suppression
ruling, the State presented evidence to the jury justifying appellant=s warrantless
arrest through the testimony of Detective Selvera and Officer Conner.  This
evidence was pertinent only to the legality of appellant=s warrantless
arrest.  Because the State and appellant examined Detective Selvera and Officer
Conner on this matter, the evidence is considered re-opened.  See id. (reasoning
that where the State presents evidence pertinent to the suppression issue at
trial without objection or with subsequent participation in the inquiry by the
defense, the suppression evidence is re-opened and an appellate court may
consider it in its review).  Thus, we may properly consider the trial testimony
of Detective Selvera and Officer Conner relevant to the issue of appellant=s warrantless
arrest and his post-arrest confession in our review of the trial court=s suppression
determination.  See Zuniga v. State, No. 08-04-00344-CR, 2006 WL
2516474, at *3 (Tex. App.CEl Paso Aug. 31, 2006, no pet.) (not
designated for publication) (reasoning that evidence admitted after suppression
hearing that was pertinent only the to the issue of standing, which was the
basis of the suppression hearing, could be considered by the appellate court in
determining an abuse of discretion).  We will sustain the trial court=s ruling if it is
reasonably supported by the evidence and is correct on any theory of law
applicable to the case.  Villarreal, 935 S.W.2d at 138. 

Generally, an officer must obtain a warrant prior to making
an arrest.  Crane v. State, 786 S.W.2d 338, 346 (Tex. Crim. App. 1990);
Hogan v. State, 631 S.W.2d 159, 161 (Tex. Crim. App. 1982).  A warrantless
arrest is permitted when (1) probable cause for the arrest exists, and (2) at
least one of the statutory exceptions is met.  Neal v. State, 256 S.W.3d
264, 280 (Tex. Crim. App. 2008); McGee v. State, 105 S.W.3d 609, 614
(Tex. Crim. App. 2003). 

B.  Probable Cause

Probable cause exists where police have reasonably
trustworthy information sufficient to warrant a reasonable person=s belief that a
suspect has committed or is committing an offense.  McGee, 105 S.W.3d at
614.  In this case, officers retrieved a videotape that captured the fatal
robbery.  Appellant=s mother and family members identified
appellant as the shooter in the videotape.  Jones also told police that he
drove appellant to the gas station and knew that appellant intended to rob the
store.  This reasonably trustworthy information is sufficient to warrant a
reasonable person to believe that appellant committed murder.  The evidence
reflects that officers had probable cause to arrest appellant. 

C.  Statutory Exception Under Article 14.04








We must now determine whether a statutory exception was
met.  Article 14.04 provides that Awhere it is shown
by satisfactory proof to a peace officer, upon the representation of a credible
person, that a felony has been committed, and that the offender is about to
escape, so that there is no time to procure a warrant, such peace officer may,
without warrant, pursue and arrest the accused.@  Tex. Code Crim.
Proc. art. 14.04.  The rule
breaks down into four elements: (1) the person who gives the information to the
officer must be credible; (2) the offense must be a felony; (3) the offender
must be about to escape; and (4) there must be no time to procure a warrant.  Fry
v. State, 639 S.W.2d 463, 469 (Tex. Crim. App. 1982).

The record reflects that officers received credible
information that appellant was the shooter in the murder, that he was about to
escape, and there was no time to procure a warrant.  Detective Selvera and
Officer Conner testified that at the time of appellant=s arrest, officers
had a videotape that captured appellant=s committing the
murder.  Appellant=s family members identified appellant in
the surveillance tape as the shooter.  Appellant=s mother also told
the police that appellant had changed his appearance and was possibly leaving
town.  Appellant was packing clothing and other personal items into a car when
officers arrived at his apartment.  We conclude that there is sufficient
evidence under article 14.04 for appellant=s arrest.  

We find that the evidence supports
the trial court=s implicit finding that the
officers were justified in arresting appellant without a warrant.  Accordingly,
we overrule appellant=s second issue.  We affirm the
trial court=s judgment.  

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed November 6, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The State argues that appellant failed to object to
the admission of the videotaped confession and has therefore waived this
issue.  We disagree.  The record reflects that appellant filed a pre-trial
motion to suppress the confession, alleging that he was illegally arrested or
detained.  The motion was carried to trial.  When the State sought to introduce
the confession, the jury was dismissed, and the trial court conducted a
suppression hearing.  At the suppression hearing, appellant argued the
illegality of the confession and told the judge that he stood Aon what=s
recited in the two motions that [were] on file.@  We conclude that appellant has preserved his suppression issue for
review.  See Tex. R. App. P. 33.1.