

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00295-CR

**CHARLES HERRERA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 13th District Court
Navarro County, Texas
Trial Court No. C-35185-CR**

## MEMORANDUM  OPINION

Charles Herrera appeals the trial court's judgment nunc pro tunc, which was entered to correct the original judgment because it incorrectly reflected that the jury had assessed punishment.  In three issues, Herrera does not assert reversible error; he complains about three correctible errors in the judgment nunc pro tunc.

In issue one, Herrera asserts that his trial counsel's last name is misspelled in the judgment nunc pro tunc and should be corrected.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (the judgment "shall reflect … [t]hat the case was called and the parties

appeared, naming the attorney for … the defendant") (West Supp. 2014). The State does not oppose that correction. In issue two, Herrera asserts that the judgment nunc pro tunc is unsigned and undated and that it should be signed and dated.[1] *See id.* art. 42.01, § 1 ("A judgment is the written declaration of the court *signed by the trial judge* and entered of record showing the conviction or acquittal of the defendant.") (emphasis added); *id.* art. 42.01, § 1(16) (the judgment "shall reflect [t]he date judgment is entered"). The State also does not oppose that correction.

In issue three, Herrera asserts that the trial court abused its discretion by ordering restitution in the amount of $180 in the judgment nunc pro tunc. The State disagrees in part, arguing that the trial court did not abuse its discretion because the $180 restitution amount is a clerical error that was inadvertently made by "administrative staff."

In sum, the State agrees, as do we, that the judgment should, in all things, be correct. We also agree with the State that, given these errors, the most practical and efficient disposition is to remand this case to the trial court for entry of a second judgment nunc pro tunc that corrects the clerical errors noted in issues one and three and that, per issue two, can be signed and dated by the trial court judge.

Accordingly, we sustain all three issues. We affirm the judgment of conviction but remand the case to the trial court with instructions that, in a second judgment nunc pro tunc, the trial court correct the spelling of Herrera's trial counsel's name, delete the $180 restitution amount that is a clerical error, and sign and date the second judgment nunc

---

[1] An unsigned judgment does not affect the conviction's validity. *Rose v. State,* 470 S.W.2d 198, 200 (Tex. Crim. App. 1971).

pro tunc.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
      (Chief Justice Gray concurs in part and dissents in part with a note)*
      (Justice Scoggins concurs without opinion)
Affirmed and remanded with instructions
Opinion delivered and filed August 27, 2015
Do not publish
[CR25]

*(Chief Justice Gray concurs in part and dissents in part. He provides the following note: None of the issues warrants reversal. The misspelled name of trial counsel does not warrant the time and other resources already devoted to it. The State concedes the judgment should not include restitution. This Court could make that modification subject to what is actually before it. Finally, the judgment that was signed was signed on August 29, 2014 and was timely appealed. The motion for nunc pro tunc judgment was filed and granted by signed order on October 1, 2014. The judgment nunc pro tunc was never signed. Is it even in front of this Court for review? We do not have a certificate of the right to appeal from the purported nunc pro tunc judgment, nor do we have a notice of appeal from that purported judgment. I concur in the judgment of the Court to affirm the judgment of conviction; but I would be affirming the August 29, 2014 judgment after overruling the only issue that is applicable to that as not being legally erroneous—the spelling of trial counsel's name. If a judgment nunc pro tunc is ever signed, we can address those issues after a proper certification of the right to appeal is signed and notice of appeal filed. In the alternative, this appeal could be abated to give the trial court jurisdiction to take these issues under advisement and to take any further action as determined appropriate. TEX. R. APP. P. 44.4. Ultimately, it appears the parties could agree what needs to be done during abatement and it could be agreed that this appeal would be unnecessary and could be dismissed by agreement of the parties. I respectfully dissent to the Court's disposition of affirming and remanding. TEX. R. APP. P. 43.2.

