

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00284-CR

_____

MARK SHAW, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 71,277-A; Honorable Dan Schaap, Presiding

May 22, 2018

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Appellant, Mark Andrew Shaw, was convicted following a jury trial of operating a motor vehicle in a public place while intoxicated.[1]   Appellant's potential range of

---

[1] Appellant's DWI offense was enhanced to a third degree felony by two prior DWI convictions. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West 2011 & Supp. 2017).

punishment was further enhanced by two prior felony convictions and the court assessed punishment at confinement for thirty years.[2] In a single issue, Appellant asserts the trial court erred by denying his request for an article 38.23(a) jury instruction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2018). We affirm.

BACKGROUND

On the night of September 6, 2015, Officer Logan Grazier observed Appellant's Ford Explorer parked along the roadside. As Appellant was leaving his parked position, he failed to use a turn signal. Officer Grazier turned around and began following him. He ran Appellant's license plate number through his onboard computer and it came back as expired. He then initiated a traffic stop.[3]

As Appellant pulled over to his right, he signaled with his left turn signal. When Officer Grazier approached him, he could smell a strong odor of alcohol. He observed that Appellant's eyes were bloodshot/watery, and his speech was slurred beyond recognition. When asked for his driver's license, Appellant fumbled through his wallet, admitted he did not have a license, and produced a State ID card. Furthermore, when Appellant exited the SUV, he was unsteady on his feet.

Appellant subsequently failed two field sobriety tests and the third test was discontinued because Officer Grazier thought it unsafe for him to continue. He was placed under arrest. The officer later discovered that Appellant's registration had not

---

[2] The trial court found the two prior felony enhancement paragraphs "true," enhancing the punishment range to imprisonment for life, or any term of not more than ninety-nine years or less than twenty-five years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).

[3] *See* TEX. TRANSP. CODE ANN. § 545.104(a) (West 2011) (requiring a turn signal when leaving from a parked position); *id.* at § 502.040(a) (West Supp. 2017) (vehicle registration requirement).

expired according to the sticker on his windshield. He testified that it was possible he typed the wrong license plate number into the onboard computer. A subsequent blood test showed Appellant had 0.250 grams of alcohol per 100 milliliters of blood, at least three times the legal limit of 0.08 grams.

Appellant asserts the trial court erred when it denied his request to issue an article 38.23(a) instruction asking the jury whether they believed Appellant signaled his intention to start from a parked position and whether Appellant had properly registered and tagged his SUV prior to the traffic stop. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2018). Appellant contends there were issues of fact regarding the underlying bases for the traffic stop and as such, the stop was illegal. We disagree.

ARTICLE 38.23(a) JURY INSTRUCTION

A defendant's right to the submission of jury instructions under article 38.23(a) of the Texas Code of Criminal Procedure is "limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). Before a defendant is entitled to the submission of jury instructions under article 38.23(a), (1) the evidence heard by the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) the contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Id.*

Under the first requirement, there must be a genuine issue about a material issue of fact before article 38.23(a) instructions are warranted; if there is not disputed a factual issue, the legality of the conduct is determined by the court alone, as a matter of law. *Id.*

3

For there to be a conflict in the evidence that raises a disputed fact issue, there must be some affirmative evidence in the record that puts the existence of that fact in question. *Id.* at 513. *Compare Stone v. State*, 703 S.W.2d 652, 655 (Tex. Crim. App. 1986) (evidence supporting the officer's traffic stop was controverted by two witnesses creating a fact issue regarding the legality of the stop), *with Rose v. State*, 470 S.W.2d 198, 200 (Tex. Crim. App. 1971) (no fact issue where no witness controverted the officer's testimony and cross-examination did not raise a fact issue). Where there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. *Id.* Furthermore, if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not material to the ultimate admissibility of the evidence and the question is not to be submitted to the jury. *Madden*, 242 S.W.3d at 513. In other words, the disputed fact issue must be essential to deciding the lawfulness of the challenged conduct. *Id.* at 511.

ANALYSIS

Here, Officer Grazier's testimony was unequivocal that Appellant did not engage his turn signal when he left from a parked position. There was no testimony by any other witness controverting Officer Grazier's testimony and his cross-examination did not raise a fact issue. Accordingly, the trial court did not err by denying Appellant's request for an article 38.23(a) instruction because a traffic violation had been established as a matter of law.

Because Officer Grazier's traffic stop was legal based on Appellant's failure to engage his turn signal when leaving from a parked position, we need not decide whether there was a fact issue regarding whether a stop based on Appellant's registration was

4

justified. *See Madden*, 242 S.W.3d at 513. *See also Siddiq v. State*, 502 S.W.3d 387, 404-05 (Tex. App.—Fort Worth 2016, no pet.) (collected cases cited therein). Accordingly, Appellant's issue related to whether the SUV was properly registered at the time of the stop, is pretermitted; Tex. R. App. P. 47.1, and Appellant's single issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.